# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FRANTZ, Individually and as Guardian and Parent of M.F., a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, and NATIONWIDE INSURANCE,<br><br>Defendants. | NO. 3:18-CV-0509<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Dismiss (Doc. 2) filed by Defendants Nationwide Mutual Fire Insurance Company, Nationwide Insurance Company, and Nationwide Insurance (collectively, "Nationwide" or "Defendants"). Plaintiff David Frantz ("Mr. Frantz") commenced this action against Nationwide after it denied coverage under a homeowners policy of insurance for injuries sustained in an ATV accident by Mr. Frantz's minor son M.F. Because Plaintiffs fail to state a claim upon which relief can be granted, the motion to dismiss will be granted, but Plaintiffs will be given leave to file an amended pleading.

## I. Background

The facts as alleged in the Complaint are as follows:

On or about November 1, 2013, M.F. was operating an off road ATV on his father's property at 974 Molasses Valley Road, Kunkletown, Pennsylvania. (*See* Doc. 1-1, ¶ 5). There is a local off road trail adjacent to this property. (*See id*. at ¶ 6). M.F. attempted to access this trail, but as he did, he was struck by a motor vehicle. (*See id*.). M.F. was thrown from the ATV and suffered severe and permanent injuries. (*See*

*id*. at ¶ 7).

At the time of the accident, Mr. Frantz had in effect a homeowners insurance policy that was purchased from Nationwide for the property at 974 Molasses Valley Road. (*See id*. at ¶¶ 3, 8). That policy provided coverage for personal injury loss, property damage, and bodily injury up to $300,000.00. (*See id*. at ¶ 9).[1] At the time of his son's accident, Mr. Frantz and M.F. resided at the insured property. (*See id*. at ¶¶ 1, 10).

After the incident, Mr. Frantz notified Nationwide of his son's injury and filed a claim. (*See id*. at ¶ 12). At the time of the filing of the Complaint, though, Nationwide had not investigated or otherwise responded to the claim. (*See id*. at ¶ 13).

Based on the foregoing, Plaintiffs filed an action against Nationwide in the Monroe County Court of Common Pleas. (*See* Doc. 1-1, *generally*). Plaintiffs assert claims against Nationwide for breach of contract (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and statutory and common law bad faith (Count IV). (*See id*.). Nationwide removed the action to this Court on March 2, 2018, (*see* Doc. 1, *generally*), and filed a motion to dismiss on March 8, 2018. (*See* Doc. 2, *generally*). The motion to dismiss is now fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be

---

[1] The insurance policy at issue was not attached as an exhibit to the Complaint. (*See* Doc. 1-1, *generally*). However, it was provided by Nationwide in support of the motion to dismiss. (*See* Doc. 2, Ex. "2"). Consideration of the policy on the instant motion is thus proper because Plaintiffs' breach of contract claim is based on that document. *See*, *e.g.*, *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 205 n.3 (E.D. Pa. 2017) (considering insurance policy attached by the defendant to its motion to dismiss).

2

granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Nationwide's motion to dismiss will be granted. First, Plaintiffs fail to adequately plead a breach of contract cause of action action in Count I of the Complaint. The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)). Although not specifically stated in the Complaint, Plaintiffs appear to claim that Nationwide breached the terms of the insurance policy

3

by failing to provide personal liability and/or medical coverage for the injuries sustained by M.F.

Under the terms of the policy and Endorsement H-6184, Coverage E, personal liability, "does not apply to: . . . f) **bodily injury** to **you** or an **insured** as defined in Section II - Liability definitions 5.a) and 5.b)." (*See* Doc. 2, Ex. "2", H3 and H-6184) (emphasis in original). Insured, under Section II, is defined as "**you** and the following persons if residents of **your** household at the **residence premises**: a) **your** relatives; . . ." (*Id*. at G1) (emphasis in original). Based on the facts as alleged in the Complaint, Coverage E does not apply. Specifically, M.F. is alleged to be Mr. Frantz's son and a resident of the insured property. Thus, M.F. is an "Insured" and Coverage E does not apply to cover his bodily injuries.

Coverage F, medical payments to others, likewise does not apply to the injuries sustained by M.F. The policy provides: "**Coverage F - Medical payments to others**[:] **We** will pay the necessary medical and funeral expenses incurred within three years after an accident causing **bodily injury**. This coverage does not apply to **you**. It does not apply to regular residents of **your** household. . . ." (*Id*. at G1) (emphasis in original). Given that M.F. is alleged to have been a regular resident of Mr. Frantz's household, Coverage F is not applicable.

Nonetheless, despite these terms, Plaintiffs argue that they have a viable breach of contract claim pursuant to the "reasonable expectations" doctrine. (*See* Doc. 4, 8-11). This doctrine provides that "where an insurer or its agent creates a reasonable expectation of coverage in the insured, but subsequently makes a unilateral change to the terms of the policy applied for and paid for, the insured's reasonable expectations of coverage may prevail over the unambiguous language of the policy." *Downey v. First Indem. Ins.*, 214 F. Supp. 3d 414, 424 (E.D. Pa. 2016) (citing *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502-03 (3d Cir. 2004); *Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.*, 941 A.2d 706, 717 (Pa. Super. Ct. 2007)). But, on the facts pled in the Complaint, there is no basis to invoke that doctrine. Indeed, as

4

Nationwide correctly points out, (*see* Doc. 6, 6, 2-3 n.2), Plaintiffs do not allege what coverage they requested, how Nationwide or its alleged agent created an expectation of coverage, or any other facts that could plausibly support the application of the "reasonable expectations" doctrine. Moreover, Plaintiffs' inclusion of additional facts in their brief in opposition to the motion dismiss is improper as it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted); *Gordon v. Katri Sales Co.*, No. 17-320, 2018 WL 1123704, at *3 (M.D. Pa. Mar. 1, 2018).[2] Accordingly, Count I of the Complaint will be dismissed.

The negligent misrepresentation claim in Count II of the Complaint will likewise be dismissed. To state a claim for negligent misrepresentation, a plaintiff must allege: "(1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 866 A.2d 270, 277 (2005). Plaintiffs do not state such a cause of action for, among other reasons, failing to allege any misrepresentation by Nationwide in the Complaint.

Plaintiffs' unjust enrichment claim will also be dismissed. Under Pennsylvania law, "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (internal quotation marks omitted); *see Benefit Trust Life Ins. Co. v. Union Nat'l Bank*

---

[2] Of course, this does not mean that the additional facts included in the brief would be sufficient to invoke the "reasonable expectations" doctrine and/or save the Complaint from a 12(b)(6) dismissal. Rather, I simply note that it is improper to attempt to amend the Complaint by way of a brief.

5

*of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985); *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 448 (Pa. 1969). Since the relationship between Plaintiffs and Nationwide "was governed by valid insurance contracts, unjust enrichment cannot provide [Plaintiffs] a basis for relief." *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 (3d Cir. 2014).[3]

Lastly, Count IV of the Complaint purports to set forth statutory and common law bad faith claims. (*See* Doc. 1-1, *generally*). Pennsylvania law allows an insured party to receive damages and other relief if the insurer acted in bad faith toward the insured party. 42 Pa. C. S. A. § 8371. Generally, to prevail on a bad faith claim, a plaintiff must establish that: "(1) the insurer did not have a reasonable basis for denying coverage and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage." *Post v. St. Paul Travelers Ins. Co.*, 609 F. Supp. 2d 382, 385 (E.D. Pa. 2009) (citing *Greene v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007)); *see also Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test). A plaintiff may also make a claim for bad faith stemming from an insurer's investigative practices, such as a "lack of a good faith investigation into facts, and failure to communicate with the claimant." *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (citation omitted).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688-89 (Pa. Super. Ct.

---

[3] While pleading in the alternative is permissible under Federal Rule of Civil Procedure 8(d)(2), "pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually being disputed, making unjust enrichment a potentially available remedy." *Grudkowski*, 556 F. App'x at 170 n.8 (citing *Montanez v. HSBC Mortg. Corp. (USA)*, 876 F. Supp. 2d 504, 515-16 (E.D. Pa. 2012); *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012)).

1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). Mere negligence or bad judgment does not constitute bad faith. *Condio*, 899 A.2d at 1143. But, recklessness on the part of the insurer can support a finding of bad faith. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994).

The bad faith claims will be dismissed. Here, Plaintiffs do not plead any facts to support a finding of bad faith. Rather, the Complaint relies solely on "bare-bones" conclusory allegations which are not sufficient to state a bad faith claim. (See Doc. 1-1-, ¶ 23(A), (F), (K)); *see, e.g.*, *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Moreover, insofar as the claim is predicated on Nationwide's purported bad faith in soliciting the purchase of the insurance policy at issue, those allegations do not state a claim to relief under § 8371. *See Grudkowski*, 556 F. App'x at 170 (citing *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007)).

Plaintiffs will, however, be given leave to file an amended complaint. Although they have not requested it and *sua sponte* leave is not required in non-civil rights cases in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), Plaintiffs, as stated, have included additional facts in their brief in opposition to the motion to dismiss which may have bearing on the sufficiency of their claims. Thus, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Plaintiffs will be given the opportunity to file an amended complaint.

## IV. Conclusion

For the above stated reasons, Nationwide's motion to dismiss will be granted,

but Plaintiffs will be granted twenty-one (21) days in which to filed an amended pleading.

    An appropriate order follows.

May 15, 2018                                                               /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                         United States District Judge