# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FRANTZ, Individually and as Guardian and Parent of M.F., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE INSURANCE COMPANY, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, and NATIONWIDE INSURANCE, <br><br> Defendants. | NO. 3:18-CV-0509 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Dismiss (Doc. 11) filed by Defendants Nationwide Mutual Fire Insurance Company, Nationwide Insurance Company, and Nationwide Insurance (collectively, "Nationwide" or "Defendants"). Plaintiff David Frantz ("Mr. Frantz") commenced this action against Nationwide for, *inter alia*, breach of contract, negligent misrepresentation, and bad faith after coverage under a homeowners policy of insurance was denied for injuries sustained in an ATV accident by Mr. Frantz's minor son M.F. Because Plaintiffs fail to state a bad faith claim, that cause of action will be dismissed with prejudice. The breach of contract claim will not be dismissed, however, because Plaintiffs plead sufficient factual matter to plausibly support the application of the reasonable expectations doctrine to that claim. Likewise, because Plaintiffs adequately allege the necessary elements of a negligent misrepresentation cause of action, Plaintiffs will be permitted to proceed with that claim as well.

## **I. Background**

The facts as alleged in the Amended Complaint are as follows:

On or about November 1, 2013, M.F. was operating an off road ATV on his father's property at 974 Molasses Valley Road, Kunkletown, Pennsylvania. (*See* Doc. 9, ¶ 5). There is a local off road trail adjacent to this property. (*See id*. at ¶ 6). M.F. attempted to access this trail, but as he did, he was struck by a motor vehicle. (*See id*.). M.F. was thrown from the ATV and suffered severe and permanent injuries. (*See id*. at ¶ 7).

At the time of the accident, Mr. Frantz had in effect a homeowners insurance policy that was purchased from Nationwide for the property at 974 Molasses Valley Road. (*See id*. at ¶ 8). That policy provided coverage for personal injury loss, property damage, and bodily injury up to $300,000.00. (*See id*. at ¶ 9).[1] At the time of his son's accident, Mr. Frantz and M.F. resided at the insured property. (*See id*. at ¶¶ 1, 10).

After the incident, Mr. Frantz notified Nationwide of his son's injury and filed a claim. (*See id*. at ¶ 12). Defendants denied the claim on March 6, 2018. (*See id*. at ¶ 14).

At the time he sought coverage for his family's home and vehicles, Mr. Frantz informed Defendants that he and his family were ATV users and wanted coverage for such use. (*See id*. at ¶ 18). Coverage for ATV use was specifically requested from Defendants' sales representative. (*See id*. at ¶ 19). Once he purchased the policy, Mr. Frantz believed that he and his family's ATV use was covered under the policy. (*See id*. at ¶¶ 20-21).

---

[1] The insurance policy at issue was not attached as an exhibit to the Amended Complaint. (*See* Doc. 9, *generally*). However, it was provided by Nationwide in support of the motion to dismiss. (*See* Doc. 13 Ex. "1"). Consideration of the policy on the instant motion is thus proper because Plaintiffs' breach of contract claim is based on that document. *See*, *e.g.*, *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 205 n.3 (E.D. Pa. 2017) (considering insurance policy attached by the defendant to its motion to dismiss).

2

Based on the foregoing, Plaintiffs filed an action against Nationwide in the Monroe County Court of Common Pleas. (*See* Doc. 1-1, *generally*). Therein, Plaintiffs asserted claims against Nationwide for breach of contract (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and statutory and common law bad faith (Count IV). (*See id.*). Nationwide removed the action to this Court on March 2, 2018, (*see* Doc. 1, *generally*), and filed a motion to dismiss the Complaint on March 8, 2018. (*See* Doc. 2, *generally*). The motion to dismiss was granted on May 15, 2018, but Plaintiffs were given the opportunity to amend their pleading.

On June 5, 2018, Plaintiffs filed an Amended Complaint, setting forth claims for breach of contract (Count I), negligent misrepresentation (Count II), and bad faith (Count III). (*See* Doc. 9, *generally*). Defendants have moved to dismiss the Amended Complaint. (*See* Doc. 11, *generally*). The motion to dismiss is now fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2)

identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

**A.  Breach of Contract**

Count I of the Amended Complaint asserts a breach of contract cause of action. The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

Nationwide argues that it did not breach the terms of the insurance policy when it denied Plaintiffs' claim for the injuries sustained by M.F. Specifically, under the terms of the policy and Endorsement H-6184, Coverage E, personal liability, "does not apply to: . . . f) **bodily injury** to **you** or an **insured** as defined in Section II - Liability definitions 5.a) and 5.b)." (*See* Doc. 13, Ex. "1", H3 and H-6184) (emphasis in original). Insured, under Section II, is defined as "**you** and the following persons if residents of **your** household at the **residence premises**: a) **your** relatives; . . ." (*Id.* at G1) (emphasis in original). Based on the facts as alleged in the Amended Complaint, Coverage E does not apply. M.F. is alleged to be Mr. Frantz's son and a resident of the insured property. Thus, M.F. is an "Insured" and Coverage E does not apply to cover his bodily injuries.

Coverage F, medical payments to others, likewise does not apply to the injuries

4

sustained by M.F. The policy provides: "**Coverage F - Medical payments to others**[:] **We** will pay the necessary medical and funeral expenses incurred within three years after an accident causing **bodily injury**. This coverage does not apply to **you**. It does not apply to regular residents of **your** household. . . ." (*Id.* at G1) (emphasis in original). As M.F. is alleged to have been a regular resident of Mr. Frantz's household, Coverage F is not applicable.

Plaintiffs do not dispute the meaning of these provisions but instead argue that they have a viable breach of contract claim based on the "reasonable expectations" doctrine. (*See* Doc. 14, 6-10). This doctrine provides that "where an insurer or its agent creates a reasonable expectation of coverage in the insured, but subsequently makes a unilateral change to the terms of the policy applied for and paid for, the insured's reasonable expectations of coverage may prevail over the unambiguous language of the policy." *Downey v. First Indem. Ins.*, 214 F. Supp. 3d 414, 424 (E.D. Pa. 2016) (citing *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502-03 (3d Cir. 2004); *Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.*, 941 A.2d 706, 717 (Pa. Super. Ct. 2007)). This doctrine reflects "the inherent disparity of bargaining power that exists between an insurer and insured, as well as the complexity of policy terms and conditions in insurance contracts," "forces the insurance consumer to rely upon the oral representations of the insurance agent which may or may not accurately reflect the contents of the written document.'" *Id.* at 423 (alterations omitted) (quoting *Collister v. Nationwide Life Ins. Co.*, 388 A.2d 1346, 1353 (Pa. 1978)). The reasonable expectations doctrine has been described by the Third Circuit as follows:

> Pennsylvania case law. . . dictates that the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured. In most cases, the language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations. Courts, however, must examine the totality of the insurance transaction involved to ascertain the reasonable expectations of the insured. As a result, even the most clearly written exclusion will not bind the insured where the insurer or its agent has created in the insured a reasonable expectation of coverage. However, this aspect of the doctrine is only

5

> applied "in very limited circumstances" to protect non-commercial insureds from policy terms not readily apparent and from insurer deception. Absent sufficient justification, . . . an insured may not complain that his or her reasonable expectations were frustrated by policy limitations that are clear and unambiguous.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005).

The reasonable expectations doctrine, says Plaintiffs, applies here because when Mr. Frantz applied for coverage under the policy, he specifically requested coverage for ATV use from Nationwides' sales representative. (*See* Doc. 9, ¶ 19). Plaintiffs further allege that Mr. Frantz was not sophisticated, was never informed that he would not receive coverage for his ATV use, and/or was never made aware of the discrepancy between the coverage for which he requested and that which the policy actually provided. (*See id*. at ¶¶ 21-24).

In opposition, Nationwide insists that the reasonable expectations doctrine has no place here because Mr. Frantz "received precisely the coverage that he requested but failed to read the policy to discover clauses that are the usual incident of the coverage applied for." *West v. Lincoln Benefit Life Co.*, 509 F.3d 160, 168 (3d Cir. 2007). More particularly, Nationwide maintains that the policy provides coverage for ATV use just as Mr. Frantz requested. For example, Nationwide points to Coverage C in Section 1, which lists "vehicles" as a "[c]overed cause[ ] of loss." (Doc. 13, Ex. "1", C1). Further, ATV use is not listed as one of the exclusions under that section. (*See id*. at D1-D3). Also indicative of the requested coverage, Nationwide claims, is the fact that while excluded from Coverage E is "**bodily injury** or **property damage** . . . arising out of the ownership, maintenance or use of . . . a motor vehicle," that exclusion "does not apply to: (a) a vehicle owned by an **insured** and designed for recreation off public roads while on an **insured location**." (*Id*. at H1) (emphasis in original). Given these provisions, Nationwide concludes that the coverage provided in the policy is exactly what Mr. Frantz applied for and the language of the policy must be read without regard to his expectations.

6

Plaintiffs' breach of contract claim will not be dismissed at this stage in the litigation. While Nationwide identifies some coverage for ATV use provided in the policy, accepting the facts as pled in the Amended Complaint "as true and constru[ing] the [Amended C]omplaint in the light most favorable to the nonmoving party," *Flora v. County of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015), Plaintiffs here plead enough facts that Mr. Frantz requested and expected to receive insurance coverage injuries sustained by his family members during their use of ATVs. While the reasonable expectations doctrine may ultimately be inapplicable in the matter *sub judice*, accepting the facts pled as true, Plaintiffs have alleged sufficient factual matter for present purposes to plausibly support the application of the doctrine in order to withstand a 12(b)(6) motion. Further, the reasonable expectations doctrine is a fact-intensive inquiry that is generally ill-suited for resolution on a motion to dismiss. *See, e.g.*, *Wilson v. Balboa Ins. Co.*, No. 10-104, 2010 WL 11561147, at *7 (E.D. Pa. Apr. 6, 2010); *Haines v. State Auto Prop. & Cas. Ins. Co.*, No. 08-5715, 2009 WL 1767534, at *4 (E.D. Pa. June 22, 2009); *Ross v. Metro. Life Ins. Co.*, 411 F. Supp. 2d 571, 582 (W.D. Pa. 2006). Count I of the Amended Complaint will not be dismissed.

## B. Negligent Misrepresentation

Plaintiffs will also be permitted to proceed with the negligent misrepresentation claim in Count II of the Amended Complaint. The elements of a negligent misrepresentation claim are: "(1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005).

Here, Plaintiffs allege that Mr. Frantz requested insurance coverage for his family's ATV use and Nationwide's sales representative either misrepresented that it provided such coverage and/or failed to disclose that such use was not covered under the policy. *See, e.g.*, *State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F.

Supp. 2d 573, 589 (M.D. Pa. 2011). Plaintiffs further allege facts satisfying the remaining elements of a negligent misrepresentation claim, so Count II of the Amended Complaint will not be dismissed.

## C. Bad Faith

The Amended Complaint does not, however, state a bad faith claim. (*See* Doc. 9, *generally*). Pennsylvania law permits an insured party to receive damages and other relief if the insurer acted in bad faith toward the insured party. 42 Pa. C. S. A. § 8371. Generally, to prevail on a bad faith claim, a plaintiff must establish that: "(1) the insurer did not have a reasonable basis for denying coverage and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage." *Post v. St. Paul Travelers Ins. Co.*, 609 F. Supp. 2d 382, 385 (E.D. Pa. 2009) (citing *Greene v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007)); *see also Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test). A plaintiff may also make a claim for bad faith stemming from an insurer's investigative practices, such as a "lack of a good faith investigation into facts, and failure to communicate with the claimant." *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (citation omitted).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688-89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). Mere negligence or bad judgment does not constitute bad faith. *Condio*, 899 A.2d at 1143. But, recklessness on the part of the insurer can support a finding of bad faith. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994).

The allegations of bad faith are virtually identical to those that I previously

found insufficient. Again, Plaintiffs do not plead any facts to support a finding of bad faith. Instead, they rely solely on "bare-bones" conclusory allegations which are not sufficient to state a bad faith claim. (*See* Doc. 9, ¶ 23(A), (F), (K)); *see, e.g.*, *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Moreover, insofar as the claim is predicated on Nationwide's purported bad faith in soliciting the purchase of the insurance policy at issue, those allegations do not state a claim to relief under § 8371. *See Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 (3d Cir. 2014) (citing *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007)). Since Plaintiffs fail to plead a plausible basis to support a finding of bad faith, that claim will be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, Nationwide's motion to dismiss will be granted in part and denied in part. The bad faith claim against Nationwide will be dismissed with prejudice. The motion will be denied in all other respects.

An appropriate order follows.

September 4, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

9