# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID FRANTZ, Individually And as Guardian and Parent of M.F., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY, et al.,<br><br>Defendant. | CIVIL ACTION NO. 3:18-cv-00509<br><br>(SAPORITO, M.J.) |

## **MEMORANDUM**

This is a diversity action by an insured against his homeowner insurer for breach of contract and negligent misrepresentation.[1] This action was commenced by the filing of a writ of summons in the Court of Common Pleas of Monroe County, Pennsylvania, on November 1, 2017. Thereafter, on February 2, 2018, the plaintiff filed the complaint. The defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"),[2]

---

[1] The court dismissed a bad faith count with prejudice. (Doc. 17).
[2] The original complaint also named "Nationwide Insurance" and "Nationwide Insurance Company" as separate defendants. In its answer and other papers, the defendant has stated that the policy at issue was issued by Nationwide Mutual Fire Insurance Company, the only proper

timely removed this case to this court on March 2, 2018. (Doc. 1). This matter was assigned to the undersigned United States magistrate judge upon consent of the parties. The defendant moved for summary judgment. (Doc. 39). It filed a statement of material facts and brief in support of the motion. (Doc. 39-2; Doc. 40). The plaintiffs filed a response to the statement of material facts and brief in opposition to the motion. (Doc. 41; Doc. 42). The defendant filed a reply brief and a reply to plaintiffs' statement of additional facts. (Doc. 43; Doc. 44). For the reasons set forth below, we will grant the motion.

## I. Statement of Facts

This action arises out of an accident on November 1, 2013, when the plaintiff, M.F., an 8-or 9-year old minor (Doc. 39-3, at 11), was injured while operating an all-terrain vehicle (the "ATV"), which was struck by a vehicle on a state road adjacent to the property owned by his father, the plaintiff David Frantz. The accident occurred in the eastbound lane of Molasses Valley Road, Kunkletown, Pennsylvania. As M.F. left the

---

defendant and that the complaint incorrectly names "Nationwide Insurance" and "Nationwide Insurance Company" as defendants. This representation does not appear to be in dispute so we refer to "Nationwide" as the sole defendant in this opinion.

2

Frantz property heading in a northerly direction on Molasses Valley Road, he was struck by a motor vehicle, throwing him from the ATV and resulting in injuries.[3]

At the time of the accident, Frantz had in effect a homeowners insurance policy that was purchased from Nationwide for the Frantz property located at 974 Molasses Valley Road. At the time of the accident, Frantz and M.F. resided at the insured property. The policy provided coverage for personal injury, property damage, and bodily injury up to $300,000. Following the accident, Frantz notified Nationwide of M.F.'s injuries. Nationwide denied the claim four years later, on March 6, 2018.

Frantz was deposed by Nationwide's counsel on October 8, 2020, and prior to his deposition, he contends that he also made a declaration dated March 1, 2020.[4] (Doc. 39-3; Doc. 41-4). In his declaration, Frantz

---

[3]  At his deposition, Frantz testified that a claim on behalf of his son was made against the operator of the other vehicle and it settled for $12,000 or $15,000. (Doc. 39-3, at 20).

[4]  Nationwide maintains that the declaration "was not previously provided to Defendants." (Doc. 43, at 8). Further, Nationwide objects to the declaration under Fed. R. Civ. P. 56 (c)(2) because the plaintiff refers to it as an "affidavit" without notarization. However, Fed. R. Civ. P. 56 (c)(4) permits the use of an "affidavit or declaration" to oppose a motion

asserts that when he went to obtain insurance for his home, he told Mr. Nagey of the Nagey Insurance Agency and the women working in his office that he and his family were ATV users and he wanted insurance coverage for ATV use on his property and in the areas around his property. (Doc. 41-4 ¶¶ 5-6). In his deposition, Frantz testified that he "never met a guy," rather, he met with a woman, but he could not remember her name. (Doc. 39-3, at 21).

In his declaration, Frantz stated that he expected that he and his family had insurance coverage for ATV use on his property and in the areas surrounding his house. (Doc. 41-4 ¶ 6). In his deposition, Frantz testified as follows:

> Q. Is there some coverage that you expected to receive from Nationwide that you did not get as a result of the November 1st, 2013 accident?
>
> A. I'm not sure, I never really read the policies.

---

"made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." The comment to the 2010 Amendment states: "A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Fed. R. Civ. P. 56(c) advisory committee notes (2010). We find that the declaration complies with Rule 56 (c)(4).

> Q. As we sit here today, is there something you think that they should pay for that they didn't pay for?
>
> A. I'm not sure. You know what I mean? I'm not sure. I don't even know why I'm here.

(Doc. 39-3, at 24).

## II. *Legal Standard*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion,"

5

and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. Thus, in evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

### III. Discussion

#### A. Breach of Contract

Count I of the amended complaint asserts a breach of contract cause of action. The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)). It is undisputed that the express language of the policy does not afford coverage to Frantz or M.F. (Doc. 16, at 4-5.) Nevertheless, the plaintiffs maintain that they have a viable breach of contract claim

7

based upon the "reasonable expectations" doctrine. This doctrine provides that "where an insurer or its agent creates a reasonable expectation of coverage in the insured, but subsequently makes a unilateral change to the terms of the policy applied for and paid for, the insured's reasonable expectations of coverage may prevail over the unambiguous language of the policy." *Downey v. First Indem. Ins.*, 214 F. Supp. 3d 414, 424 (E.D. Pa. 2016) (citing *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502-03 (3d Cir. 2004); *Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.*, 941 A.2d 706, 717 (Pa. Super. Ct. 2007)). The reasonable expectations doctrine has been described by the Third Circuit as follows:

> Pennsylvania case law. . . dictates that the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured. In most cases, the language of the insurance policy will provide the best indication of the content of the parties' reasonable expectations. Courts, however, must examine the totality of the insurance transaction involved to ascertain the reasonable expectations of the insured. As a result, even the most clearly written exclusion will not bind the insured where the insurer or its agent has created in the insured a reasonable expectation of coverage. However, this aspect of the doctrine is only applied "in very limited circumstances" to protect non-commercial insureds from policy terms not readily apparent and from insurer

8

> deception. Absent sufficient justification, . . . an insured may not complain that his or her reasonable expectations were frustrated by policy limitations that are clear and unambiguous.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005).

Here, the plaintiffs contend that Frantz sought insurance coverage for ATV use by him and his family on his property and in the area surrounding his rural home from Nationwide through the Nagey Insurance Agency. In their brief in opposition to the motion for summary judgment, the plaintiffs point to a meeting that Frantz had with individuals working for Nationwide at the insurance agency where he allegedly informed them that he wanted to increase coverage to include the use of ATVs by him and his family. (Doc. 42, at 2-5.).

Frantz submitted a declaration dated March 1, 2020, in support of his position. The declaration is conclusory, self-serving, and contradictory of his later deposition testimony. Frantz stated in the declaration that when he obtained insurance for his home and his cars, he "expected that my family and I had insurance coverage for ATV use on my property and in the areas around my house." (Doc. 41-4 ¶6.) Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment. *United States v. Commander*, 734 Fed. App'x

824, 831 (3d Cir. 2018). Further, the declaration is inconsistent with Frantz's deposition testimony. For example, in his declaration, Frantz stated that he "told Mr. Nag[e]y and the women working at his office both me and my family were ATV users and that I wanted insurance coverage for our ATV use." (Doc. 41-4 ¶5.) At his deposition taken on October 8, 2020, Frantz testified that, at an unspecified time before the accident, he had a conversation with "the girls that were in [the office] all the time" about his ownership of a four-wheeler and he "wondered" whether it was covered under "homeowner's" or "car insurance." (Doc. 39-3, at 22-23.) In response to that inquiry, he testified that "I *think* they said homeowner's should cover anything if you had an accident on the property or anything." (*Id.* at 23) (emphasis added). In addition, Frantz testified that he never "met a guy," rather, he met with a woman whose name he could not remember. (*Id.* at 20.) Frantz also testified as follows:

> Q. Did you have any other conversation about the use of ATVs?
>
> A. We didn't discuss too much. I was just wondering if it was covered. Back then I had – about a year or two I had gotten a four-wheeler. I didn't have the license or nothing *because I kept it on the property*.

> Q. And you don't remember the name of the person you spoke with?
>
> A. No. There were a couple different women in there. I don't remember them anymore.
>
> Q. And I believe they told you the homeowner's should cover anything *if you had an accident on the property*. Is that what they told you?
>
> A. Pretty much. Homeowner's would cover it, not your car insurance.

(*Id*. at 23-24 (emphasis added)). As set out above, when asked during his deposition if there was some coverage that Frantz expected to receive from Nationwide that he did not get as a result of the November 1, 2013, accident, his response was "I'm not sure, I never really read the policies." (*Id*. at 24.) He further stated that "I don't even know why I'm here [at his deposition]." (*Id*.) Neither the deposition testimony, nor the declaration identifies which coverage Frantz expected to receive from Nationwide.

The policy, as written, is consistent with what Frantz claims that the representatives of the Nagey Insurance Agency informed him-- i.e., that accidents involving the use of an *ATV on his property* were covered. Specifically, the policy includes coverage for ATV use while *on* an insured

location. On page H1 of the policy, the exclusion related to personal liability and medical payments to others related to the use of a motor vehicle does not apply to "a vehicle owned by an insured and designed for *recreation off public roads while on an insured location*." (Doc. 39-5, at 28) (emphasis added).

In addition, the amended complaint seeks damages in an amount in excess of $100,000 for the defendant's alleged failure to "provide sufficient funds to compensate M.F. for his bodily injuries and David Frantz for the losses" and for its failure to "properly pay the policy limits for the plaintiff's and M.F.'s severe and permanent bodily injuries." (Doc. 9, at 5.) The amended complaint does not identify a contractual right under the policy to receive any sum for M.F.'s injuries or Frantz's losses. At his deposition, Frantz testified as follows:

> Q. As we sit here today, is there something you think that they [Nationwide] should pay for that they didn't pay for?
>
> A. *I'm not sure.* You know what I mean? *I'm not sure.* I don't even know why I'm here.

(Doc. 39-3, at 24) (emphasis added). Thus, we find that the plaintiffs have failed to produce any facts, supported by the record, which

demonstrate that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52.

### *B. Negligent Misrepresentation*

In count II of the amended complaint, the plaintiffs assert a cause of action for negligent misrepresentation. The elements of a negligent misrepresentation claim are: "(1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005).

Here, despite Frantz's self-serving affidavit where he stated that he "expected" that he had coverage for the use of an ATV on his property and in the areas around his house, Frantz confirmed at his deposition that he was informed by a representative of the Nagey Insurance Agency that his homeowner's policy would cover accidents involving the use of an ATV if the accident occurred *on* the property. His deposition testimony is contrary to his declaration in that he testified that he "wondered" whether the use of a four-wheeler was covered under his homeowner's

13

policy or his car insurance policy. He was advised that the use of an ATV was covered if the accident occurred *on* his property. It is undisputed that the accident related to this action did *not* occur on Frantz's property. Under these circumstances, as with the breach of contract count, we find that the plaintiffs have failed to produce any facts, supported by the record, which demonstrate that the matter should be submitted to a jury.

### C. Statute of Limitations Defense

Considering our decision above, it is not necessary to address the statute of limitations argument made by the defendants.

### IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be granted.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: May 19, 2021

14